## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE

| | |
|---|---|
| **RICHARD JOHNSON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) CIVIL ACTION NO.  3:22-CV-626-DJH |
| v. | ) |
| | ) |
| **LINCOLN LIFE ASSURANCE** | ) |
| **COMPANY OF BOSTON,** | ) |
| **THE LINCOLN NATIONAL LIFE** | ) |
| **INSURANCE COMPANY; and** | ) |
| **LANTECH.COM, LLC** | ) |
| **d/b/a LANTECH, INC.** | ) |
| | ) |
| **Defendants.** | ) |

### DEFENDANTS' JOINT NOTICE OF REMOVAL

By and through their respective counsel and Pursuant to 28 U.S.C. §§1441 and 1446, Defendants Lantech.com, LLC d/b/a Lantech, Inc. ("Lantech") and The Lincoln National Life Insurance Company f/k/a Lincoln Life Assurance Company of Boston f/k/a Liberty Life Assurance Company of Boston[1] ("Lincoln") (Lincoln and Lantech referred to collectively as "Defendants"), hereby give notice that they remove this state court action from the Circuit Court of Jefferson County, Kentucky, to the United States District Court for the Western District of Kentucky.  In support of the instant Notice of Removal, Defendants respectfully state unto the Court the following:

1. Plaintiff instituted this action against Defendants on or about November 3, 2022, in the Circuit Court of Jefferson County, Kentucky as Civil Action No. 22-CI-005754.

---

[1] The correct name of the Lincoln Defendant in this action is The Lincoln National Life Insurance Company.  The Lincoln National Life Insurance Company was previously a parent corporation of Lincoln Life Assurance Company of Boston, and Lincoln Life Assurance Company of Boston (f/k/a Liberty Life Assurance Company of Boston) was the issuer of the relevant life insurance policy.  However, Lincoln Life Assurance Company of Boston has now merged with The Lincoln National Life Insurance Company.  Accordingly, Lincoln Life Assurance Company of Boston and The Lincoln National Life Insurance Company are one-in-the-same and "The Lincoln National Life Insurance Company" is the correct Lincoln Defendant in this action.

2. Defendant Lantech was served with this lawsuit on November 7, 2022. Defendant Lincoln was served with this lawsuit on November 8, 2022. Copies of all process, pleadings, and orders received by Defendants in this action prior to the filing of this Notice of Removal are attached hereto as Exhibit "A" and incorporated herein by this reference. Defendants have not served any answer or responsive pleadings to Plaintiff's Complaint, and Defendants' Removal is filed within thirty (30) days of Defendants having been served with process and within one (1) year after commencement of the instant action, as allowed by 28 U.S.C. § 1446(b).

3. Plaintiff's civil action arises under the laws of the United States. Therefore, this Court has federal question jurisdiction over this matter under 28 U.S.C. § 1331, and removal is proper pursuant to 28 U.S.C. §§ 1441 and 1446.

4. Plaintiff is seeking to recover long term disability benefits under 29 U.S.C. § 1132(a)(1)(B) (along with other damages) from a disability benefits plan, in which he was a participant by virtue of his employment with Lantech.[2] The benefit plan at issue is an "employee welfare benefit plan" as that term is defined in 29 U.S.C. § 1002(1) of the Employee Retirement Income Security Act ("ERISA").[3] Defendants hereby submit that federal jurisdiction is proper based on the grounds of federal question jurisdiction, 28 U.S.C. § 1331. Moreover, Plaintiff has admitted federal court jurisdiction by virtue of bringing the claim specifically under ERISA.[4]

5. District courts have federal question jurisdiction of all civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A civil action arises under the laws of the United States if the state-law claim raised in the civil action "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without

---

[2] See ¶¶ 1-3 and 5 of Plaintiff's Complaint, a copy of which is attached hereto as part of composite Exh. "A".
[3] See ¶¶ 1-3 and 5 of Plaintiff's Complaint, a copy of which is attached hereto as part of composite Exh. "A".
[4] See ¶¶ 1 and 3 of Plaintiff's Complaint, a copy of which is attached hereto as part of composite Exh. "A".

disturbing any congressionally approved balance of federal and state judicial responsibilities."[5] This action involves claims that relate to the laws of the United States, specifically, the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, et seq. ERISA applies to any "employee benefit plan" if the plan is established or maintained by an employer or employee organization engaged in commerce or in any industry or activity affecting commerce. 29 U.S.C. § 1003. An "employee benefit plan" is defined as an employee welfare benefit plan or an employee pension benefit plan. 29 U.S.C. § 1002(3). A plan is a welfare benefit plan if it "was <u>established or is maintained</u> for the purpose of providing for its participants or their beneficiaries, <u>through the purchase of insurance</u> or otherwise, . . . benefits in the event of sickness, accident, disability, <u>death</u> or unemployment." 29 U.S.C. § 1002(1) (references to other types of employer-provided benefits qualifying as ERISA plans omitted) (emphasis added).

6. Plaintiff's claims necessarily raise stated federal issues, actually disputed and substantial, which this Court may entertain without disturbing any congressionally approved balance of state and federal responsibilities.

7. As noted above, Plaintiff is seeking to recover long term disability benefits (along with other damages) from a disability benefits plan, in which he was a participant by virtue of his employment with Lantech.[6] The benefit plan at issue is an "employee welfare benefit plan" as that term is defined in 29 U.S.C. § 1002(1) of ERISA. The benefits sought by Plaintiff are sought from an ERISA plan.[7] Therefore, the plan and an action for benefits under the plan are governed by ERISA, and Plaintiff references ERISA in the Complaint."[8]

---

[5] *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 125 S. Ct. 2363, 2368 (2005).
[6] See ¶¶ 1, 2 and 5 of Plaintiff's Complaint, a copy of which is attached hereto as part of composite Exh. "A".
[7] See ¶¶ 1, 3, 5, and 58, and Count One of Plaintiff's Complaint, a copy of which is attached hereto as part of composite Exh. "A".
[8] See ¶¶ 1, 3, and 58 of Plaintiff's Complaint, a copy of which is attached hereto as part of composite Exh. "A".

8. The Court's analysis of Plaintiff's causes of action will necessarily require interpretation of this ERISA plan. Because the preemptive force of ERISA is so powerful that it completely displaces any state law cause of action, Plaintiff's causes of action will be "recharacterized" as a federal claim under ERISA. Plaintiff's causes of action in the State Action are completely preempted by 29 U.S.C. § 1132(a)(1)(B) and/or § 1132(a)(3). *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724 (1985); *Pilot Life Ins. Co. v. Dedeoux*, 481 U.S. 41 (1987); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987); *Tolton v. American Biodyne, Inc.*, 48 F.3d 937 (6th Cir. 1995). Accordingly, removal to this Court is proper pursuant to 28 U.S.C. § 1441(a) as it is under the original jurisdiction of the Court pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e).

9. Removal of this matter is timely pursuant to 28 U.S.C. § 1446. This Notice of Removal has been filed within thirty (30) days of service of process upon the removing party.

10. By filing this Notice of Removal, Defendants do not waive their rights to assert any defenses and/or objections to which they are entitled.

11. The Circuit Court of Jefferson County, Kentucky, is within the United States District Court for the Western District of Kentucky, Louisville Division, to which this action is removable.

12. This Notice of Removal will be filed promptly with the State Court, as required by 28 U.S.C. § 1446(d).

13. By copy of this document and in accordance with the Certificate of Service, Defendants are providing notice to all parties in this action advising of the filing of this Notice of Removal pursuant to 28 U.S.C. § 1446(d).

Respectfully submitted,

By: /s/ John O. Sheller
John O. Sheller
Email: john.sheller@skofirm.com
Zachary Rigg
Email: zachary.rigg@skofirm.com
STOLL KEENON OGDEN
500 West Jefferson Street, Suite 2000
Louisville, KY 40202-2828
Phone: (502) 333-6000
Fax: (502) 562.0939

ATTORNEYS FOR DEFENDANT
LANTECH.COM, LLC d/b/a LANTECH, INC.

AND

By: /s/ Iwana Rademaekers (by permission)
Iwana Rademaekers (Texas Bar # 16452560)
(Motion for Admission *Pro Hac Vice* Forthcoming)
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEYS FOR DEFENDANT THE
LINCOLN NATIONAL LIFE INSURANCE
COMPANY f/k/a LINCOLN LIFE ASSURANCE
COMPANY OF BOSTON

## CERTIFICATE OF SERVICE

 I hereby certify that a true and correct copy of the foregoing was served upon all known counsel of record by Electronic Mail on the 28th day of November 2022.

Kevan M. Doran
Email:  kdoran@thedoranlawoffice.com

Iwana Rademaekers
Email:  iwana@rademaekerslaw.com

                /s/ *John O. Sheller*
                John O. Sheller