**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:22-CV-00626-DJH-CHL**

| | |
|---|---|
| **RICHARD JOHNSON,** ) | |
| ) | ***Electronically Filed*** |
| **PLAINTIFF,** ) | |
| ) | |
| **v.** ) | |
| ) | **LANTECH'S MEMORANDUM** |
| **LANTECH.COM, LLC** ) | **IN SUPPORT OF** |
| **d/b/a LANTECH, INC., et al.,** ) | **MOTION TO DISMISS** |
| ) | |
| **DEFENDANTS.** ) | |
| ) | |
| ) | |

\* \* \*  \* \* \*  \* \* \*

Defendant, Lantech.com, LLC. ("Lantech"), by counsel, respectfully submits this Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b). In support of its Motion, Lantech states as follows:

## INTRODUCTION

On November 3, 2022, Plaintiff Richard Johnson ("Johnson" or "Plaintiff") filed a Complaint against his former employer, Lantech, as well as Lincoln Life Assurance Company of Boston and The Lincoln National Life Insurance Company (collectively "Lincoln") in Jefferson Circuit Court. (DN1 at PageID.1). On November 28, 2022, Defendants timely removed the case to this Court pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. (DN 1).

In his Complaint, Plaintiff purports to assert five causes of action, only some of which supposedly apply to Lantech: Violations of ERISA, Breach of Contract (against both Lantech and Lincoln), Unjust Enrichment, and Promissory Estoppel. (DN1 at PageID.20-24). All of Plaintiff's claims fail for varying reasons: ERISA preempts all of Plaintiff's state law claims, Plaintiff's ERISA claim is not stated against Lantech, and, even if ERISA did not preempt the state law

claims, Lantech could not possibly have breached either of the putative contracts referenced in Plaintiff's complaint as a matter of fact and law.

## STANDARD

"It is well-established that the Federal Rules of Civil Procedure apply to removed cases." *Simmerman v. Ace Bayou Corp.*, 2015 U.S. Dist. LEXIS 5792, at \*4 (E.D. Ky. Jan. 16, 2015) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938); *Stern v. Inter-Mountain Tel. Co.*, 226 F.2d 409 (6th Cir. 1955)); *see also Smith v. APL Logistics Warehouse Mgmt. Servs.*, 2016 U.S. Dist. LEXIS 107566, \*2 (W.D. Ky. Aug. 15, 2016) (quoting *Simmerman* and applying federal pleading standard to case removed from state court). Indeed, Fed. R. Civ. P. 81(c)(1) makes this point expressly: "These rules apply to a civil action after it is removed from a state court." Under the federal rules, a complaint is subject to dismissal, among other reasons, if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

For purposes of ruling on a motion to dismiss, the Court construes the complaint in the light most favorable to the non-moving party and accepts as true all well-pleaded allegations in the complaint. *See Robert M. Clemens Trust v. Morgan Stanley DW, Inc.*, 485 F.3d 840, 845 (6th Cir. 2007). However, the court need not "accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* Rather, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678.

2

## ARGUMENT

### I.      ERISA preempts Plaintiff's state law claims.

Plaintiff's state law claims are preempted by ERISA because they directly relate to the ERISA-covered plan sponsored by Lantech and administered by Lincoln (hereinafter the "Plan"). Plaintiff alleges that both Defendants owed contractual, financial and legal duties to him, which required *Lincoln* to pay long-term disability benefits to Plaintiff. Any duty that Lantech owed (and to be clear, Lantech did not owe the aforementioned duties in relation to the administration of Plaintiff's Plan) to Plaintiff arose from administration of the Plan, a benefits plan subject to ERISA, not an independent source from within Kentucky's statutory or common law.

Plaintiff also asserts that Lantech breached its contractual duties to Plaintiff because it supposedly did not adhere to a confidential release agreement it had with him, which supposedly caused Lincoln not to pay Johnson long-term disability benefits. However, Plaintiff's complaint uses this supposed breach merely as a vehicle to assert that Lantech is liable to Plaintiff for nonpayment (by Lincoln) of his long-term disability benefits. Plaintiff then seeks an array of state law remedies (including breach of contract, promissory estoppel, and unjust enrichment) that provide an alternative enforcement mechanism to ERISA's statutory remedies based upon the same facts and circumstances.

This Circuit recognizes "that virtually all state law claims relating to an employee benefit plan are preempted by ERISA." *Cromwell v. Equicor-Equitable HCA Corp.*, 944 F.2d 1272, 1276 (6th Cir. 1991) (holding that appellants' promissory estoppel, breach of contract, negligent misrepresentation and breach of good faith claims were preempted by ERISA). "[O]nly those state laws and state law claims whose effect on employee benefit plans is merely tenuous, remote or peripheral are not preempted." *Id.* "It is not the label placed on a state law claim that determines

3

whether it is preempted, but whether in essence such a claim is for the recovery of an ERISA plan benefit." *Id. See also Briscoe v. Fine*, 444 F.3d 478, 499 (6th Cir. 2006) (holding that ERISA preempted state law claims of fraud, misrepresentation and concealment because "[a]ny duty to disclose the financial condition of the plan that [the defendants] might have owed to the plan beneficiaries arose not out of an independent source of law, but out of the existence and nature of the plan itself," and, for that reason, the claims served as an "alternative enforcement mechanism.").

In *McLemore v. Regions Bank*, for example, the Sixth Circuit affirmed dismissal of state law claims of negligence, recklessness, unjust enrichment and a violation of Tennessee's Consumer Protection Act as preempted by ERISA because they provided alternative enforcement mechanisms for the legal duties imposed under ERISA. 682 F.3d 414, 424-27 (6th Cir. 2012). The Court noted that ERISA foreclosed plaintiffs' state law claims because the defendant's "liability turn[ed] on the existence of the plans and the substance of ERISA." *Id.* at 426. The plaintiffs' claims did "not arise from an independent legal duty; rather, they derive[d] from the ERISA violations committed" by two non-party fiduciaries. *Id.* "By seeking to impose liability on [the defendant] for knowingly permitting the [non-party fiduciaries] to breach their fiduciary duties," the plaintiffs' state law claims sought an alternative enforcement mechanism. *Id.*

The recovery sought by Plaintiff through his state law claims "is for the recovery of an ERISA plan benefit." *See Cromwell*, 944 F.2d at 1276. The common thread running through Plaintiff's three state law claims against Lantech (and Lincoln) is, essentially, the assertion that Lantech caused Lincoln to breach its contract with Plaintiff by supposedly revealing to Lincoln that it had reached a settlement and release agreement with Johnson regarding the end of his employment. So, Defendants' underlying conduct at issue in this case, as it is alleged in both

Plaintiff's state law causes of action and his ERISA fiduciary duty claim, relates to the Plan, and involves the administration of said Plan, i.e., whether Plaintiff received long-term disability benefits. Because Plaintiff's state common law claims relate to Lincoln's payout of benefits to Johnson under an ERISA covered plan, or the failure of such payments, and Plaintiff seeks exactly the same remedies under state and federal law (i.e., recovery of the long-term disability benefits to which he believes he was entitled), the claims encompassed in Counts II and III (breach of contract), IV (unjust enrichment) and V (promissory estoppel) of the Complaint are preempted by ERISA and should be dismissed with prejudice.

## II.     Plaintiff's ERISA claim is not stated against Lantech.

As a factual matter, the wrongful conduct alleged by Plaintiff, that "Lincoln wrongfully withheld disability benefits from Mr. Johnson due under Lantech's LTD Policy[,]" (DN1 at PageID.21), alleges no wrongful conduct by Lantech.  Whatever Lantech's "LTD Policy" states, it makes no difference as to the supposed decision of Lincoln to withhold the benefits from Plaintiff because Lantech did not do it. As pled, it was *Lincoln's* decision to withhold disability benefits from Plaintiff, and Lincoln's alone. Consequently, because Lantech was not the party that withheld Plan benefits from Plaintiff, Lantech cannot be liable for a violation of ERISA. Put simply, Lantech cannot be liable for an alleged act that violated ERISA which it did not commit.

Moreover, "well-established Sixth Circuit precedent indicates that 'unless an employer is shown to control administration of a plan, it is not a proper party defendant in an action concerning benefits.'" *Mitchell v. Liberty Mut. Life Assurance Co.*, No. 3:05CV-186-R, 2006 U.S. Dist. LEXIS 21960, at *4 (W.D. Ky. Apr. 10, 2006) (quoting *Daniel v. Eaton Corp.*, 839 F.2d 263, 266 (6th Cir. 1988)). Plaintiff has not alleged in his Complaint that Lantech takes an active "role . . . in making benefit determinations." *Mitchell*, 2006 U.S. Dist. LEXIS 21960, at *4. At most,

5

Plaintiff alleges that Lantech provided information about Plaintiff's severance to Lincoln, which does not even come close to rising to the level of "control[ing] administration of a plan." Without showing that Lantech controlled his plan's administration (and it did not), Johnson's ERISA claim against Lantech must be dismissed, as Lantech is not a proper defendant in such a claim.

**III.    On the face of Plaintiff's Complaint, Lantech could not have breached either of the putative contracts.**

Additionally, Lantech could not have breached either of the putative contracts referenced in Plaintiff's Complaint. First, Lantech was in no position to violate the contract governing the Plan, as said contract was between Lincoln and Plaintiff, not Lantech and Plaintiff.

Second, Lantech could not have breached its release agreement with Plaintiff based upon Lincoln's decision to withhold the plan benefits. Lincoln's supposed decision to offset Plaintiff's severance against his long-term disability benefits has nothing to do with the severance agreement between Plaintiff and Lantech, and Lantech had no obligation to guarantee what Lincoln did or did not do in regard to Plaintiff's long-term disability benefits (such a dispute is simply between Plaintiff and Lincoln).

**IV.    Plaintiff's promissory estoppel and unjust enrichment claims are derivative of his breach of contract claim and must fail.**

If, somehow, Plaintiff's state law claims could survive ERISA preemption, two of the three state law claims against Lantech must fail.  He cannot make a legal claim for breach of contract, while simultaneously asserting redundant equitable claims for promissory estoppel and unjust enrichment.

First, Plaintiff cannot pursue both a breach of contract claim and a promissory estoppel claim simultaneously. "[W]here a written contract governs the relationship between the parties,

6

promissory estoppel is a duplicative remedy." *Davis v. Siemens Med. Sols. USA, Inc.*, 399 F. Supp. 2d 785, 798 (W.D. Ky. 2005). That is:

> Promissory estoppel is meant for cases in which a promise, not being supported by consideration, would be unenforceable under conventional principles of contract law. When there is an express contract governing the relationship out of which the promise emerged, and no issue of consideration, there is no gap in the remedial system for promissory estoppel to fill. To allow it to be invoked becomes in those circumstances gratuitous duplication or, worse, circumvention of carefully designed rules of contract law.

*All-Tech Telecom, Inc. v. Amway Corp.*, 174 F.3d 862, 869 (7th Cir. 1999). Simply put, "although the doctrine of promissory estoppel is 'alive and well' in this commonwealth, estoppel cannot be the basis for a claim if it represents the same performance contemplated under a written contract." *Tractor & Farm Supply v. Ford New Holland*, 898 F. Supp. 1198, 1205 (W.D. Ky. 1995) (citing *McCarthy v. Louisville Cartage Co., Inc.*, 796 S.W.2d 10, 11 (Ky. App. 1990) and *General Aviation, Inc. v. Cessna Aircraft Co.*, 915 F.2d 1038, 1042 (6th Cir. 1990)). Plaintiff's promissory estoppel claim represents the exact same performance contemplated by his breach of contract claim against Lantech, and thus his promissory estoppel claim is fatally flawed.

Moreover, Kentucky courts have endorsed the principle that promissory estoppel must be based upon oral promises, rather than written contracts. *Rivermont Inn, Inc. v. Bass Hotels & Resorts, Inc.*, 113 S.W.3d 636, 642-43 (Ky. App. 2003) ("A key element of promissory estoppel, conveniently ignored by Rivermont, is that the defendant must reasonably expect an *oral* promise or understanding to induce reliance on the part of the plaintiff. Here, Holiday having received acknowledgement in writing on more than one occasion from Rivermont that no oral promises are made with respect to the granting of licenses, Holiday could not reasonably expect that Rivermont would solicit an oral promise from one of its vice presidents and then change its position in reliance on such a promise." (emphasis added)); *Brewer v. Branch Banking & Tr. Corp.*, 2005 U.S. Dist.

LEXIS 18496, at *4 (W.D. Ky. Aug. 26, 2005) ("Promissory estoppel is based upon an *oral promise*." (emphasis added)). Considering the foregoing, Plaintiff's promissory estoppel claim must be dismissed in its entirety.

Second, Plaintiff's unjust enrichment claim is also condemned to failure for similar reasons. Kentucky courts, and others, have made clear that if a written contract sets forth obligations between two contracting parties, unjust enrichment is not an available remedy. *Killian v. Tunacakes Props.*, 2012 Ky. App. LEXIS 8, at *9 (Ky. App. Jan. 20, 2012) ("In this case, there was a written contract that set forth the obligations of SK Development and SJK Properties to Tunacakes. Thus, unjust enrichment was not an available remedy for Tunacakes as to SK Development and SJK Properties."); *see also Sparks Milling Co. v. Powell*, 283 Ky. 669, 672, 143 S.W.2d 75, 76 (1940) ("an express contract is made defining the circumstances under which an obligation may arise with reference to a certain subject matter such contract excludes the possibility of an implied contract concerning the same matter."); *Belle Isle Grill Corp v. Detroit*, 256 Mich. App. 463, 666 N.W.2d 271 (2003) (contract to prevent unjust enrichment will be implied "only if there is no express contract covering the same subject matter'" and summary disposition of unjust enrichment claim is properly granted where there is express contract covering same subject matter). Plaintiff's unjust enrichment claim cannot coexist with his breach of contract claims, based upon two express contracts, and must be dismissed.

**V.      Plaintiff's request for a Jury Trial is invalid.**

The Sixth Circuit has made plain that trial by jury is not an available remedy under ERISA. *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 616 (6th Cir. 1998) (the Sixth Circuit "does not allow jury trials for appeals from ERISA claim denials."); *Kramer v. Plan*, 2022 U.S. Dist.

8

LEXIS 89844, at *5 (S.D. Ohio May 10, 2022) ("[C]ontrolling case law is clear that there is no right to a jury trial for ERISA claims."). Plaintiff's jury trial demand must be stricken.

**VI.    Plaintiff cannot recover Compensatory, Consequential, or Incidental Damages under ERISA.**

Even if Johnson's ERISA claim against Lantech was valid (it is not), Sixth Circuit courts have made it clear that compensatory, consequential, and incidental damages are not available in ERISA claims unless those damages are expressly authorized by the plan contract. *Isaac Ford v. Uniroyal Pension Plan*, 154 F.3d 613, 617 (6th Cir. 1998) (relying on Supreme Court precedent and stating that punitive and compensatory damages are disallowed under ERISA); *DeFelice v. Heritage Animal Hosp., Inc.*, 2010 U.S. Dist. LEXIS 103075, at *7 (E.D. Mich. Sep. 29, 2010) (consequential damages not allowed in ERISA claims); *Vargas v. Child Development Council of Franklin County, Inc.*, 269 F.Supp.2d 954, 956 (S.D. Ohio 2003) (same). Consequently, Plaintiff's request for compensatory, consequential, and incidental damages from Lantech (or Lincoln) must be dismissed.

## CONCLUSION

For the foregoing reasons, Lantech respectfully requests the Court to grant this Motion and dismiss Plaintiff's Complaint with prejudice. In addition, the requests for a jury trial and compensatory, consequential, and incidental damages should be struck, denied or dismissed.

Respectfully submitted,

*/s/ John O. Sheller*
John O. Sheller
Zachary J. Rigg
Stoll Keenon Ogden PLLC
500 West Jefferson Street, Suite 2000
Louisville, Kentucky  40202
Phone: (502) 333-6000
john.sheller@skofirm.com
zachary.rigg@skofirm.com

9

*Counsel for Defendant*
*Lantech.com, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 4, 2023, I electronically filed the foregoing Memorandum in Support of Motion to Dismiss with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the below listed parties:

Kevan M. Doran
DORAN LAW OFFICE
2950 Breckenridge Lane, Suite 12A
Louisville, Kentucky 40220
Phone: (502) 208-4971
kdoran@thedoranlawoffice.com
*Counsel for Plaintiff,*
*Richard Johnson*

Iwana Rademaekers
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Phone: (214) 579-9319
iwana@rademaekerslaw.com
*Counsel for Defendant, The Lincoln National*
*Life Insurance Company f/k/a Lincoln Life*
*Assurance Company of Boston*

*/s/ John O. Sheller*
*Counsel for Defendant*
*Lantech.com, LLC*

10