**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE**

| | |
|---|---|
| **RICHARD JOHNSON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) **CIVIL ACTION NO. 3:22-CV-00626-DJH-CHL** |
| **v.** | ) |
| | ) |
| **LINCOLN LIFE ASSURANCE** | ) |
| **COMPANY OF BOSTON;** | ) |
| **THE LINCOLN NATIONAL LIFE** | ) |
| **INSURANCE COMPANY; and** | ) |
| **LANTECH.COM, LLC** | ) |
| **d/b/a LANTECH, INC.** | ) |
| | ) |
| **Defendants.** | ) |

## DEFENDANTS LINCOLN LIFE ASSURANCE COMPANY OF BOSTON AND THE LINCOLN NATIONAL LIFE INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendants Lincoln Life Assurance Company of Boston and The Lincoln National Life Insurance Company[1] (collectively, "Lincoln") file this Answer to Plaintiff's Complaint (the "Complaint"), filed by Plaintiff, Richard Johnson, and state as follows:

1.     Lincoln admits that Defendant Lantech.com, LLC d/b/a Lantech, Inc. ("Lantech") sponsored the Lantech, Inc. Long-Term Disability Plan (the "LTD Plan") to provide certain benefits to participating, eligible employees of Lantech.  Lincoln admits that it issued Group Disability Income Policy Number GF3-890-463163-01 (the "Policy") to Lantech, which, at certain times, insured benefits from the LTD Plan.  Lincoln admits that a copy of a document titled "Release Agreement" is contained in the administrative record upon which Plaintiff's claim

---

[1]     The correct name of the Lincoln Defendant in this action is The Lincoln National Life Insurance Company. The Lincoln National Life Insurance Company was previously a parent corporation of Lincoln Life Assurance Company of Boston, and Lincoln Life Assurance Company of Boston (f/k/a Liberty Life Assurance Company of Boston) was the issuer of the relevant life insurance policy.  However, Lincoln Life Assurance Company of Boston has now merged with The Lincoln National Life Insurance Company.  Accordingly, Lincoln Life Assurance Company of Boston and The Lincoln National Life Insurance Company are one-in-the-same and "The Lincoln National Life Insurance Company" is the correct Lincoln Defendant in this action.

for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from an employee benefit plan governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), and that the Complaint alleges state law causes of action, but Lincoln denies Plaintiff is entitled to any such relief or recovery from it whatsoever. Lincoln denies all remaining allegations contained in Paragraph 1 of the Complaint.

2. Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from an employee benefit plan governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 2 of the Complaint.

3. Lincoln admits that the United States District Court for the Eastern District of Kentucky has jurisdiction over this action and that Plaintiff's claims are governed by ERISA. Lincoln specifically denies, however, that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy or relief against Lincoln. Lincoln specifically denies that Kentucky state law claims can be raised against Lincoln in this action and denies all remaining allegations contained in Paragraph 3 of the Complaint.

4. Lincoln admits that venue of this action is proper United States District Court for the Eastern District of Kentucky. Lincoln denies all remaining allegations contained in Paragraph 4 of the Complaint.

5. Lincoln is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies this allegation. Lincoln admits that it issued the Policy to

**2**

Lantech which, at certain times, insured benefits from the LTD Plan sponsored by Lantech to provide certain benefits to participating, eligible employees of Lantech.  Lincoln admits Plaintiff was, at certain times, employed by Lantech and was, at certain times, a participant in the LTD Plan.  Lincoln denies all remaining allegations contained in Paragraph 5 of the Complaint.

6.      Paragraph 6 of the Complaint does not contain any allegations to which Lincoln must respond.

7.      Paragraph 7 of the Complaint does not contain any allegations to which Lincoln must respond.

8.      Lincoln admits that it is an Indiana Corporation that it is licensed to engage in the business of insurance in the State of Kentucky.  Lincoln denies all remaining allegations contained in Paragraph 8 of the Complaint.

9.      Lincoln denies the allegations contained in Paragraph 9 of the Complaint.

10.     Lincoln admits that it was formerly known as Liberty Life Assurance Company of Boston.  Lincoln admits that, at certain times, it was the claims administrator of claims for benefits from the LTD Plan under the Policy.  Lincoln specifically denies that it (or Liberty Life Assurance Company of Boston) was the Plan Administrator of the LTD Plan and denies all remaining allegations contained in Paragraph 10 of the Complaint.

11.     Lincoln admits that it is an Indiana Corporation that it is licensed to engage in the business of insurance in the State of Kentucky.  Lincoln denies all remaining allegations contained in Paragraph 11 of the Complaint.

12.     Lincoln denies the allegations contained in Paragraph 12 of the Complaint.

13.     Lincoln admits that The Lincoln National Life Insurance Company was previously a parent corporation of Lincoln Life Assurance Company of Boston, but that Lincoln

Life Assurance Company of Boston has now merged with, and is now known as, The Lincoln National Life Insurance Company. Lincoln denies all remaining allegations contained in Paragraph 13 of the Complaint.

14. Lincoln admits that The Lincoln National Life Insurance Company was previously a parent corporation of Lincoln Life Assurance Company of Boston, but that Lincoln Life Assurance Company of Boston has now merged with, and is now known as, The Lincoln National Life Insurance Company. Lincoln denies all remaining allegations contained in Paragraph 14 of the Complaint.

15. Lincoln admits that The Lincoln National Life Insurance Company was previously a parent corporation of Lincoln Life Assurance Company of Boston, but that Lincoln Life Assurance Company of Boston has now merged with, and is now known as, The Lincoln National Life Insurance Company. Lincoln denies all remaining allegations contained in Paragraph 15 of the Complaint.

16. Paragraph 16 of the Complaint does not contain any allegations to which Lincoln must respond.

17. The allegations contained in Paragraphs 17 of the Complaint pertain to Defendant Lantech and Lincoln is not required to respond. To the extent that a response is required, Lincoln is without sufficient information regarding Lantech's status as a business entity and, accordingly, denies the allegations contained in Paragraph 17 of the Complaint.

18. Paragraph 18 of the Complaint does not contain any allegations to which Lincoln must respond.

**4**

19.    Lincoln admits Plaintiff was, at certain times, employed by Lantech as Chief Engineer and that Plaintiff's last day of work was January 27, 2017. Lincoln denies all remaining allegations contained in Paragraph 19 of the Complaint.

20.    Lincoln admits Plaintiff was, at certain times, employed by Lantech and was, at certain times, a participant in the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 20 of the Complaint.

21.    Lincoln admits Plaintiff was, at certain times, employed by Lantech and was, at certain times, a participant in the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 21 of the Complaint.

22.    Lincoln admits that it issued the Policy to Lantech, which, at certain times, insured benefits from the LTD Plan. Lincoln admits that, at certain times, it was the claims administrator of claims for benefits from the LTD Plan under the Policy. Lincoln specifically denies that it was the Plan Administrator of the LTD Plan and denies all remaining allegations contained in Paragraph 22 of the Complaint.

23.    Lincoln denies the allegations contained in Paragraph 23 of the Complaint.

17.(sic)    Lincoln admits that Plaintiff's last day of work at Lantech was January 27, 2017. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits the Policy includes language pertaining to the definitions of "Disabled" or "Disability" as applicable to a participant's claim for benefits under the Policy, but Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln

denies all remaining allegations contained in the second Paragraph numbered 17 of the Complaint.

18.(sic)    Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents.  Lincoln admits that certain documents concerning Plaintiff's own occupation at Lantech are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents.  Lincoln admits that occupational analysis/vocational reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits the Policy includes language pertaining to the definitions of "Disabled" or "Disability" as applicable to a participant's claim for benefits under the Policy, but Lincoln refers to the Policy itself as the best evidence of its contents.  Lincoln denies all remaining allegations contained in the second Paragraph numbered 18 of the Complaint.

19.(sic)    Lincoln admits that a copy of a document titled "Release Agreement" is contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents.  Lincoln denies all remaining allegations contained in the second Paragraph numbered 19 of the Complaint.

20.(sic)    Lincoln admits that a copy of a document titled "Release Agreement" is contained in the administrative record upon which Plaintiff's claim for benefits from the LTD

Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in the second Paragraph numbered 20 of the Complaint.

21.(sic)    Lincoln admits, upon information and belief, that Plaintiff submitted a claim for, and at certain times received, benefits from the Short-Term Disability Plan (the "STD Plan") sponsored by Lantech. Lincoln admits Plaintiff submitted a claim for, and at certain times received, benefits from the LTD Plan. Lincoln denies all remaining allegations contained in the second Paragraph numbered 21 of the Complaint.

22.(sic)    Lincoln admits, upon information and belief, that Plaintiff submitted a claim for, and at certain times received, benefits from STD Plan sponsored by Lantech. Lincoln admits Plaintiff submitted a claim for, and at certain times received, benefits from the LTD Plan. Lincoln denies all remaining allegations contained in the second Paragraph numbered 22 of the Complaint.

23.(sic)    Lincoln admits that certain documents concerning Plaintiff's claim for benefits from the Social Security Administration are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in the second Paragraph numbered 23 of the Complaint.

24.    Lincoln admits that certain documents concerning Plaintiff's claim for benefits from the Social Security Administration are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and

Lincoln refers to the administrative record itself as the best evidence of its contents.  Lincoln denies all remaining allegations contained in Paragraph 24 of the Complaint.

25.    Lincoln admits Plaintiff submitted a claim for, and at certain times received, benefits from the LTD Plan.  Lincoln admits that a copy of a document titled "Release Agreement" and certain documents concerning Plaintiff's claim for benefits from the Social Security Administration and severance payments Plaintiff received from Lantech are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents.  Lincoln admits the Policy includes language pertaining to the definitions of "Other Income Earnings" as applicable to a participant's claim for benefits under the Policy, but Lincoln refers to the Policy itself as the best evidence of its contents.  Lincoln further admits only that its decisions on Plaintiff's claim for benefits from the LTD Plan under the Policy were based on the administrative record regarding Plaintiff's claim for benefits from the LTD Plan and that such decisions are governed by the terms of the Policy.  Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits, and Lincoln denies all remaining allegations contained in 25 of the Complaint.

26.    Lincoln denies the allegations contained in Paragraph 26 of the Complaint.

27.    The allegations contained in Paragraphs 27 of the Complaint pertain to Defendant Lantech, and Lincoln is not required to respond.  To the extent that a response is required, Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits, and Lincoln denies all remaining allegations contained in 27 of the Complaint.

28.    Lincoln admits that a copy of a document titled "Release Agreement" is contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under

the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents.  Lincoln denies all remaining allegations contained in Paragraph 28 of the Complaint.

29.     Lincoln admits that a copy of a document titled "Release Agreement" is contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents.  Lincoln denies all remaining allegations contained in Paragraph 29 of the Complaint.

30.     Lincoln denies the allegations contained in Paragraph 30 of the Complaint.

31.     Lincoln denies the allegations contained in Paragraph 31 of the Complaint.

32.     Lincoln admits Plaintiff submitted a claim for, and at certain times received, benefits from the LTD Plan.  Lincoln admits that certain documents concerning Plaintiff's claim for benefits from the Social Security Administration are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits it sent a letter to Plaintiff dated December 18, 2018, but Lincoln refers to the letter itself as the best evidence of its contents.  Lincoln denies all remaining allegations contained in 32 of the Complaint.

33.     Lincoln admits it received a letter from Plaintiff's counsel, appealing the denial of Plaintiff's claim for further benefits from the LTD Plan under the Policy, along with additional documentation, which are contained in the administrative record, and Lincoln refers to the administrative record itself as the best evidence of its contents.  Lincoln admits it sent a letter to Plaintiff's counsel dated August 1, 2019, but Lincoln refers to the letter itself as the best

**9**

evidence of its contents.  Lincoln denies all remaining allegations contained in Paragraph 33 of the Complaint.

34.     Lincoln admits it sent a letter to Plaintiff's counsel dated March 12, 2020, but Lincoln refers to the letter itself as the best evidence of its contents.  Lincoln denies all remaining allegations contained in Paragraph 34 of the Complaint.

35.     Lincoln admits it sent a letter to Plaintiff's counsel dated March 12, 2020, but Lincoln refers to the letter itself as the best evidence of its contents.  Lincoln denies all remaining allegations contained in Paragraph 35 of the Complaint.

36.     Lincoln admits it sent a letter to Plaintiff's counsel dated March 12, 2020, but Lincoln refers to the letter itself as the best evidence of its contents.  Lincoln denies all remaining allegations contained in Paragraph 36 of the Complaint.

37.     Lincoln admits it sent a letter to Plaintiff dated December 18, 2018, and a letter to Plaintiff's counsel dated March 12, 2020, but Lincoln refers to the letters themselves as the best evidence of their contents.  Lincoln denies all remaining allegations contained in Paragraph 37 of the Complaint.

38.     Lincoln admits it sent a letter to Plaintiff's counsel dated March 12, 2020, but Lincoln refers to the letter itself as the best evidence of its contents.  Lincoln denies all remaining allegations contained in Paragraph 38 of the Complaint.

39.     Lincoln admits it sent a letter to Plaintiff's counsel dated March 12, 2020, but Lincoln refers to the letter itself as the best evidence of its contents.  Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to

**10**

the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 39 of the Complaint.

40. Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 40 of the Complaint.

41. Lincoln admits it sent a letter to Plaintiff's counsel dated March 12, 2020, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits, and Lincoln denies all remaining allegations contained in Paragraph 41 of the Complaint.

42. Lincoln admits it sent a letter to Plaintiff's counsel dated March 12, 2020, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 42 of the Complaint.

43. Lincoln admits it sent a letter to Plaintiff's counsel dated March 12, 2020, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln admits that certain documents concerning Plaintiff's claim for benefits from the Social Security Administration are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record

itself as the best evidence of its contents.  Lincoln denies all remaining allegations contained in Paragraph 43 of the Complaint.

44.     Lincoln denies the allegations contained in Paragraph 44 of the Complaint.

45.     Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents.  Lincoln denies all remaining allegations contained in Paragraph 45 of the Complaint.

46.     Lincoln denies the allegations contained in Paragraph 46 of the Complaint.

47.     Lincoln admits the Policy includes language pertaining to the definitions of "Disabled" or "Disability" as applicable to a participant's claim for benefits under the Policy, but Lincoln refers to the Policy itself as the best evidence of its contents.  Lincoln denies all remaining allegations contained in Paragraph 47 of the Complaint.

48.     Lincoln denies the allegations contained in Paragraph 48 of the Complaint.

49.     Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents.  Lincoln denies all remaining allegations contained in Paragraph 49 of the Complaint.

50.     Lincoln denies the allegations contained in Paragraph 50 of the Complaint.

51.     Lincoln denies the allegations contained in Paragraph 51 of the Complaint.

52.     Lincoln denies the allegations contained in Paragraph 52 of the Complaint.

53.     Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents.  Lincoln denies all remaining allegations contained in Paragraph 53 of the Complaint.

54.     Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents.  Lincoln denies all remaining allegations contained in Paragraph 54 of the Complaint.

55.     Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents.  Lincoln denies all remaining allegations contained in Paragraph 55 of the Complaint.

56.     Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents.  Lincoln denies all remaining allegations contained in Paragraph 56 of the Complaint.

57.     Lincoln admits that it issued the Policy to Lantech, which, at certain times, insured benefits from the LTD Plan.  Lincoln admits that, at certain times, it was the claims

administrator of claims for benefits from the LTD Plan under the Policy. Lincoln denies all remaining allegations contained in Paragraph 57 of the Complaint.

58. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits, and Lincoln denies all remaining allegations contained in Paragraph 58 of the Complaint.

59. Lincoln denies the allegations contained in Paragraph 59 of the Complaint.

60. To the extent that Paragraph 60 contains legal conclusions, Lincoln is not required to respond.

## COUNT ONE

61. Lincoln repeats and realleges all of its answers to the allegations contained in Paragraphs 1 through 60 of the Complaint as though fully set forth herein.

62. To the extent that Paragraph 62 contains legal conclusions, Lincoln is not required to respond. To the extent a response is required, Lincoln admits only that its decisions on Plaintiff's claim for benefits from the LTD Plan under the Policy were based on the administrative record regarding Plaintiff's claim for benefits from the LTD Plan and that such decisions are governed by the terms of the Policy. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits, and Lincoln denies all remaining allegations contained in Paragraph 62 of the Complaint.

63. Lincoln denies the allegations contained in Paragraph 63 of the Complaint.

64. Lincoln denies the allegations contained in Paragraph 64 of the Complaint.

65. To the extent Plaintiff attempts to interpret the Policy or plan documents, Lincoln refers to the Policy and plan documents themselves as the best evidence of their contents. Lincoln admits only that its decisions on Plaintiff's claims for benefits from the LTD Plan were

**14**

based on the administrative record regarding Plaintiff's claims for benefits from the LTD Plan and that such decisions are governed by the terms of the Policy and plan documents. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits, and Lincoln denies all remaining allegations contained in Paragraph 65 of the Complaint.

66.     To the extent Plaintiff attempts to interpret the Policy or plan documents, Lincoln refers to the Policy and plan documents themselves as the best evidence of their contents. Lincoln admits only that its decisions on Plaintiff's claims for benefits from the LTD Plan were based on the administrative record regarding Plaintiff's claims for benefits from the LTD Plan and that such decisions are governed by the terms of the Policy and plan documents. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits, and Lincoln denies all remaining allegations contained in Paragraph 66 of the Complaint.

67.     To the extent Plaintiff attempts to interpret the Policy or plan documents, Lincoln refers to the Policy and plan documents themselves as the best evidence of their contents. To the extent that Paragraph 67 contains legal conclusions, Lincoln is not required to respond. To the extent a response is required, Lincoln admits only that its decisions on Plaintiff's claims for benefits from the LTD Plan were based on the administrative record regarding Plaintiff's claims for benefits from the LTD Plan and that such decisions are governed by the terms of the Policy and plan documents. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits, and Lincoln denies all remaining allegations contained in Paragraph 67 of the Complaint.

68.     Lincoln admits Plaintiff submitted a claim for, and at certain times received, benefits from the LTD Plan. Lincoln admits it sent a letter to Plaintiff's counsel dated March 12, 2020, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln further

**15**

admits only that its decisions on Plaintiff's claims for benefits from the LTD Plan were based on the administrative record regarding Plaintiff's claims for benefits from the LTD Plan and that such decisions are governed by the terms of the Policy and plan documents.  Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits, and Lincoln denies all remaining allegations contained in Paragraph 68 of the Complaint.

69.     To the extent Plaintiff attempts to interpret the Policy or plan documents, Lincoln refers to the Policy and plan documents themselves as the best evidence of their contents.  To the extent that Paragraph 67 contains legal conclusions, Lincoln is not required to respond.  To the extent a response is required, Lincoln admits only that its decisions on Plaintiff's claims for benefits from the LTD Plan were based on the administrative record regarding Plaintiff's claims for benefits from the LTD Plan and that such decisions are governed by the terms of the Policy and plan documents.  Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits, and Lincoln denies all remaining allegations contained in Paragraph 69 of the Complaint.

70.     To the extent Plaintiff attempts to interpret the Policy or plan documents, Liberty Life refers to the Policy and plan documents themselves as the best evidence of their contents. To the extent that Paragraph 30 contains legal conclusions, Lincoln is not required to respond. To the extent a response is required, Lincoln admits only that its decisions on Plaintiff's claims for benefits from the STD Plan and the LTD Plan were based on the administrative record regarding Plaintiff's claims for benefits from the STD Plan and the LTD Plan and that such decisions are governed by the terms of the Policy and plan documents.  Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits, and Lincoln denies all remaining allegations contained in Paragraph 70 of the Complaint.

71.      Lincoln denies the allegations contained in Paragraph 71 of the Complaint.

72.      Lincoln denies the allegations contained in Paragraph 72 of the Complaint.

73.      Lincoln denies the allegations contained in Paragraph 73 of the Complaint.

74.      Lincoln denies the allegations contained in Paragraph 74 of the Complaint.

## COUNT TWO

75-78.   The allegations contained in Count Two (Paragraphs 75-78) of the Complaint are the subject of Lincoln's Motion to Partially Dismiss filed concurrently with this Answer.

## COUNT THREE

79-82.   The allegations contained in Count Three (Paragraphs 79-82) of the Complaint pertain to Defendant Lantech and Lincoln is not required to respond.

## COUNT FOUR

83-88.   To the extent that the allegations contained in Count Four (Paragraphs 83-88) attempt to raise a claim against Lincoln, such allegations are the subject of Lincoln's Motion to Partially Dismiss filed concurrently with this Answer.

## COUNT FIVE

89-94.   To the extent that the allegations contained in Count Five (Paragraphs 89-94) attempt to raise a claim against Lincoln, such allegations are the subject of Lincoln's Motion to Partially Dismiss filed concurrently with this Answer.

75.      Lincoln denies Plaintiff is entitled to the relief sought in the WHEREFORE Paragraph of the Complaint and denies all allegations contained in the Complaint not specifically admitted herein.

**17**

## AFFIRMATIVE DEFENSES

1.      The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2.      The standard of review by the District Court in this case should be whether the decision to deny Plaintiff's claims for benefits from the LTD Plan under the Policy was arbitrary and capricious because the relevant plan documents contain sufficient discretionary language to invoke that standard.

3.      Plaintiff's recovery of benefits, if any, from Lincoln is subject to an offset pursuant to the terms of the Policy and the documents governing the STD Plan and the LTD Plan, which require offset and/or repayment of income or severance payments earned or received by Plaintiff or any award of other benefits, including any disability or retirement benefits Plaintiff or Plaintiff's dependents receive from the Social Security Administration.

4.      Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

5.      Plaintiff has failed to exhaust administrative remedies regarding his claim that his severance payment was wrongfully offset against his benefits from the LTD Plan under the Policy.

6.      Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

7.      Plaintiff's claims regarding his claim that his severance payment was wrongfully offset against his benefits from the LTD Plan under the Policy was not brought within the Policy limitations periods.

8.      Plaintiff may not recover damages under state law, including compensatory, consequential, and incidental damages, in this action.  The damages, if any, claimed by Plaintiff are limited to those available under ERISA.

9.      Plaintiff's claim for breach of fiduciary duty against Lincoln fails as a matter of law due to the availability of a claim for recovery of benefits under ERISA.

10.     Plaintiff is not entitled to a jury under ERISA.

11.     Lincoln reserves the right to assert additional defenses.

## PRAYER

Lincoln prays that this Court enter judgment that Plaintiff recovers nothing by this action, that Lincoln be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g), and that Lincoln be awarded such other and further relief to which it may show itself entitled.

Respectfully submitted this 4th day of January 2022.

Respectfully submitted,

By:     /s/ Iwana Rademaekers
Iwana Rademaekers (Texas Bar # 16452560)
(Admitted *Pro Hac Vice*)
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main:  (214) 579-9319
Fax:  (469) 444-6456
Email:  iwana@rademaekerslaw.com

ATTORNEYS FOR DEFENDANTS LINCOLN
LIFE ASSURANCE COMPANY OF BOSTON;
THE LINCOLN NATIONAL LIFE INSURANCE
COMPANY

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Eastern District of Kentucky, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

Kevan M. Doran
Email: kdoran@thedoranlawoffice.com

| | |
|---|---|
| January 4, 2023 | /s/ Iwana Rademaekers |
| Date | Iwana Rademaekers |