**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE**

| | |
|---|---|
| **RICHARD JOHNSON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) **CIVIL ACTION NO. 3:22-CV-00626-DJH-CHL** |
| **v.** | ) |
| | ) |
| **LINCOLN LIFE ASSURANCE** | ) |
| **COMPANY OF BOSTON;** | ) |
| **THE LINCOLN NATIONAL LIFE** | ) |
| **INSURANCE COMPANY; and** | ) |
| **LANTECH.COM, LLC** | ) |
| **d/b/a LANTECH, INC.** | ) |
| | ) |
| **Defendants.** | ) |

## DEFENDANTS LINCOLN LIFE ASSURANCE COMPANY OF BOSTON AND THE LINCOLN NATIONAL LIFE INSURANCE COMPANY'S MOTION TO PARTIALLY DISMISS PLAINTIFF'S COMPLAINT AND BRIEF IN SUPPORT

Pursuant to Rules 12(b)(6) of the Federal Rules of Civil Procedure, Defendants Lincoln Life Assurance Company of Boston and The Lincoln National Life Insurance Company[1] (collectively "Lincoln") file this Motion to Partially Dismiss Plaintiff's Complaint and Brief in Support.

**I.**
## GROUNDS FOR MOTION

In Plaintiff's Complaint (the "Complaint"), Plaintiff brings a claim pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA") for recovery of disability benefits under 29 U.S.C. § 1132(a)(1)(B). Plaintiff also brings claims for breach of contract, unjust

---

[1] The correct name of the Lincoln Defendant in this action is The Lincoln National Life Insurance Company. The Lincoln National Life Insurance Company was previously a parent corporation of Lincoln Life Assurance Company of Boston, and Lincoln Life Assurance Company of Boston (f/k/a Liberty Life Assurance Company of Boston) was the issuer of the relevant life insurance policy. However, Lincoln Life Assurance Company of Boston has now merged with, and is now known as, The Lincoln National Life Insurance Company. Accordingly, Lincoln Life Assurance Company of Boston and The Lincoln National Life Insurance Company are one-in-the-same and "The Lincoln National Life Insurance Company" is the correct Lincoln Defendant in this action.

enrichment, and promissory estoppel against Lincoln (presumably under state law) and other "compensatory, consequential and incidental damages" from Lincoln.[2]   However, Plaintiff's state law causes of action are preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq., as amended ("ERISA").   Additionally, Plaintiff seeks a jury trial[3] and an award of compensatory, consequential, and incidental damages;[4] none of these are available under ERISA and should be struck and/or dismissed.

## II.
## ARGUMENT AND AUTHORITIES

### A.      THE STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a Complaint for failure to state a claim upon which relief can be granted.[5]   A court should dismiss a claim if it finds that the facts pled do not support a claim for relief, even assuming the allegations as pled are true.[6]   Furthermore, in order to avoid dismissal, a party must plead sufficient information to outline the basis of its claim.[7]   Plaintiff has failed to meet this burden with regard to the state law breach of contract claim he has brought against Lincoln in the Complaint, and this claim must be dismissed from the action.

### B.      PLAINTIFF'S STATE LAW CAUSE OF ACTION IS PREEMPTED BY ERISA

As this Court is aware, the preemptive force of ERISA is so powerful that the Supreme Court has specifically held that it completely displaces any state law cause of action.

---

[2]   See Complaint, Count Two ¶¶ 75-78, Count Four ¶¶ 87-88, Count Five ¶ 94, and ¶ B under the WHEREFORE section of the Complaint.

[3]   See Complaint titled "Complaint And Jury Demand" and ¶ A under the WHEREFORE section of the Complaint.

[4]   See Complaint, Prayer, ¶¶ (B).

[5]   Fed. R. Civ. P. 12(b)(6).

[6]   "A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ctr. for Bio-Ethical Reform, Inc. v. Napolitano, 648 F.3d 365 (6th Cir. 2011) citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

[7]   Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Fritz v. Charter Township of Comstock, 592 F.3d 718, 722 (6th Cir. 2010).

Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 64 (1987).  This presumption of federal law applies even if ERISA provides no remedy for the claim sued upon.  Olsen v. General Dynamics Corp., 960 F.2d 1418, 1423 (9th Cir. 1991); Cannon v. Group Health Serv. of Okla., Inc., 77 F.3d 1270, 1274 (10th Cir. 1996).  ERISA preempts all state law claims that "relate to" an ERISA plan regardless of how such claims are pled.  FMC Corp. v. Holiday, 49 U.S. 52, 58 (1990).

It is evident from the Plaintiff's Complaint and by Plaintiff's inclusion of an ERISA claim in the Complaint that the disability plan at issue is an ERISA plan.[8]  Further, the only conduct of Lincoln about which Plaintiff complains in the Complaint is Lincoln's denial of Plaintiff's disability benefits under the plan and the administration of his claim for benefits under the plan.[9]  Therefore, it is clear that the Court must refer to the relevant ERISA plan documents in assessing the state law cause of action asserted by Plaintiff against Lincoln in the Complaint of breach of contract.[10]  Thus, Plaintiff's state law cause of action directly "relates to" the disability plan and is preempted.  Daniel v. Eaton Corp., 839 F.2d 263 (6th Cir.), cert. denied, 488 U.S. 826, 102 L. Ed. 2d 52, 109 S. Ct. 76 (1988) (ERISA preempts claims where the court must refer to the plan to determine the plaintiff's benefits).

Indeed, both the Supreme Court and the Sixth Circuit have held that ERISA preempts the state law causes of action asserted by Plaintiff.  See, e.g., Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 47-48 (1987) (breach of contract and fraud causes of action preempted in disability benefits context).  See, e.g., Cromwell v. Equicor-Equitable HCA Corp., 944F.2d 1272, 1276 (6th Cir. 1991) (finding ERISA preempted promissory estoppel and breach of contract claims, as

---

[8]    See Complaint at ¶¶ 1, 3, 5, 20-21, Count One (¶¶ 61-74), and ¶ D under the WHEREFORE section of the Complaint.  Plaintiff's admissions and allegations in the Complaint clearly establish that the disability benefits sought by Plaintiff are sought from a benefit plan "established or maintained by an employer . . . for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, . . ." 29 U.S.C. § 1002(1).

[9]    Complaint at ¶¶ 25-26, 28-32, 34-59, and Count One (¶¶ 61-74).

[10]    Complaint at Count Two, ¶¶ 75-78.

those were "at the very heart of issues within the scope of ERISA's exclusive regulation"); Firestone Tire & Rubber Co. v. Neusser, 810 F.2d 550 (6th Cir. 1987); McLemore v. Regions Bank, 682 F.3d 414, 426, (6th Cir. 2012) (finding ERISA preempted unjust enrichment claim); Cromwell v. Equicor-Equitable HCA Corp., 944 F.2d 1272, 1276, (6th Cir. 1991) (holding ERISA preempted Ohio breach of contract claim); Weiner v. Klais & Co., 108 F.3d 86, 92 (6th Cir. 1997) (finding ERISA preempts federal unjust enrichment claims).

Moreover, to the extent Plaintiff asserts a promissory estoppel claim against Lincoln, the only promise or representation asserted in Count Five (Promissory Estoppel) of the Complaint pertained to the Release Agreement entered into between Lantech and Plaintiff, and Lincoln is not asserted to be a party to that agreement. Armistead v. Vernitron Corp., 944 F.2d 1287, 1298 (6th Cir. 1991) (first element of limited promissory estoppel claim in ERISA context is "conduct or language amounting to a representation of material fact"). Additionally, principles of estoppel "cannot be applied to vary the terms of unambiguous plan documents; estoppel can only be invoked in the context of ambiguous plan provisions." Sprague v. GMC, 133 F.3d 388, 404 (6th Cir. 1998). There is no allegation in the Complaint that the Policy was ambiguous. Accordingly, based on the Complaint itself, any claim Plaintiff is asserting against Lincoln for promissory estoppel fails as a matter of law.

Additionally, as reflected by the Complaint, Plaintiff's state law cause of action is in the nature of a complaint "asserting improper processing of a claim for benefits under an ERISA-regulated plan" and this cause of action is clearly preempted by ERISA. Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 55-56 (1987) ("all suits brought by beneficiaries asserting improper processing of claims under ERISA-regulated plans [will] be treated as federal questions governed by [ERISA's civil enforcement mechanisms].") ERISA regulates employee benefit plans that "through the purchase of insurance or otherwise," provide medical, surgical, or

hospital care, or benefits in the event of sickness, accident, disability, or death." Pilot Life Ins. Co., 481 U.S. at 44. Accordingly, Plaintiff's state law cause of action for breach of contract in the Complaint is clearly preempted by ERISA, and this Motion to Partially Dismiss should be granted.

## C.     THE JURY TRIAL REQUEST BY PLAINTIFF IS NOT AVAILABLE PURSUANT TO ERISA

As stated above, Plaintiff's state law causes of action against Lincoln must be dismissed. Additionally, trial by jury is not available under ERISA. Wilkins v. Baptist Healthcare Sys., Inc., 150 F.3d 609, 616 (6th Cir. 1998) (the Sixth Circuit "does not allow jury trials for appeals from ERISA claim denials."); Reese v. CNH Am. LLC, 574 F.3d 315, 327 (6th Cir. 2009). Accordingly, Plaintiff's demand for a jury in this action should be stricken by the Court.

## D.     PLAINTIFF MAY NOT RECOVER COMPENSATORY, CONSEQUENTIAL, OR INCIDENTAL DAMAGES FROM LINCOLN UNDER ERISA

Remedies under ERISA only allow Plaintiff to "recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Moreover, the U.S. Supreme Court has specifically held that "Congress did not intend to authorize other remedies that it simply forgot to incorporate expressly." Mass. Mut. Life Ins. Co. v. Russell, 473 U.S. 134, 146 (1985). Accordingly, Plaintiff's request for compensatory, consequential, and incidental damages from Lincoln must be dismissed.

## III.
## CONCLUSION

Lincoln requests the Court dismiss the state law breach of contract cause of action (Count Two, paragraphs 75-78), along with the unjust enrichment and promissory estoppel claims (Counts Four and Five) in Plaintiff's Complaint, against Lincoln with prejudice, dismiss Plaintiff's request for compensatory and punitive damages against Lincoln, strike Plaintiff's jury

demand, award Lincoln its attorneys' fees and costs pursuant to ERISA § 502(g), 29 U.S.C.

§ 1132(g), and grant Lincoln any other relief to which it shows itself justly entitled.

Dated this 4th day of January 2023.

Respectfully submitted,

By:    /s/ Iwana Rademaekers
Iwana Rademaekers (Texas Bar # 16452560)
(Admitted *Pro Hac Vice*)
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main:  (214) 579-9319
Fax:  (469) 444-6456
Email:  iwana@rademaekerslaw.com

ATTORNEYS FOR DEFENDANTS LINCOLN
LIFE ASSURANCE COMPANY OF BOSTON
AND THE LINCOLN NATIONAL LIFE
INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Eastern District of Kentucky, using the electronic case filing system of the court.  The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

Kevan M. Doran
Email:  kdoran@thedoranlawoffice.com

January 4, 2023                                   /s/ Iwana Rademaekers
Date                                             Iwana Rademaekers

**6**