**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE**
**CIVIL ACTION NO. 3:22-CV-00626-DJH-CHL**

| | |
|---|---|
| **RICHARD JOHNSON,** ) | |
| ) | ***Electronically Filed*** |
| **PLAINTIFF,** ) | |
| ) | |
| **v.** ) | |
| ) | **PLAINTIFF'S RESPONSE OPPOSING** |
| **LINCOLN LIFE ASSURANCE COMPANY OF** ) | **DEFENDANT LANTECH.COM LLC'S** |
| **BOSTON, ET AL.** ) | **MOTION TO DISMISS** |
| ) | |
| **DEFENDANTS.** ) | |
| ) | |
| ) | |
| ) | |

\* \* \*  \* \* \*  \* \* \*

Plaintiff Richard Johnson opposes Defendant Lantech.com LLC's Motion to Dismiss and

states as follows in opposition to the motion:

**FACTUAL BACKGROUND**

As set forth in the Complaint which Plaintiff Richard Johnson ("Mr. Johnson") filed in this

action, Mr. Johnson was employed by Defendant Lantech.com, LLC ("Lantech") from August 22,

1981 through July 30, 2017. PLAINTIFF'S COMPLAINT at ¶ 19.  Defendant The Lincoln National

Life Insurance Company ("Lincoln") is the Plan Administrator for Lantech's short-term and long-

term disability insurance policies.

Following Mr. Johnson becoming disabled, he was presented with a confidential Release

Agreement by Lantech.  *Id.* at ¶ 21.  Under the terms of this written agreement with Lantech, Mr.

Johnson agreed to accept payment in the amount of $90,500.00 in exchange for releasing the

company from possible claims which he could possess against his employer and reaffirming a

commitment to abide by a Confidentiality and Non-Compete Agreement.  While the above-

described payment from Lantech was expressly for Mr. Johnson releasing his employer from possible legal claims and abiding by the terms of a non-compete agreement, the payment is incorrectly identified in the agreement as "severance pay."

Although the terms of confidential Release Agreement expressly required both Lantech and Mr. Johnson to "keep the terms, conditions and existence of this Agreement and Release confidential," it is undisputed that Lantech violated the terms of this written agreement by disclosing its existence and terms to Defendant The Lincoln National Life Insurance Company ("Lincoln"). [18] ANSWER OF DEFENDANT LINCOLN LIFE ASSURANCE COMPANY at ¶ 1.   Lincoln then used the confidential information - which was improperly provided to it by Lantech - to "off-set" long-term disability benefits in the amount of $90,500.00 which it was otherwise required to pay to Mr. Johnson.

This was done under the dubious theory that the payment from Lantech to Mr. Johnson was "severance pay" which could off-set the payment of disability benefits under the terms the long-term disability plan administered by Lincoln for Lantech.  While Plaintiff strongly disputes Lincoln's right to off-set Lantech's payment to Mr. Johnson under the confidential Release Agreement, it is beyond cavil that Lantech breached its agreement with Mr. Johnson by providing a copy of the confidential Release to Lincoln.  Moreover, if Lincoln prevails upon its theory that it is entitled to off-set this payment from Lantech to Mr. Johnson, then Plaintiff would be deprived of $90,500.00 in long-term disability benefits which he would have otherwise received from Lincoln absent the impermissible disclosure.  Accordingly, Plaintiff's Complaint sets forth a prima facie case for breach of contract against Lantech which is not subject to dismissal under Federal Rule of Civil Procedure 12(b)(6).

## ARGUMENT

**I.    LANTECH BREACHED THE TERMS OF ITS AGREEMENT WITH MR. JOHNSON.**

Under Kentucky law, a Plaintiff states a valid claim for breach of contract by showing the existence of contract and the breach of contractually imposed duty. *Abney v. Amgen, Inc.*, 443 F.3d 540, 547 (6th Cir. 2006). In the matter currently before the Court, it is undisputed that Lantech entered into a written contract – a confidential Release Agreement – with Mr. Johnson.  It is likewise uncontested that the contract expressly required Lantech to "keep the terms, conditions and existence of this Agreement and Release confidential." Contrary to this provision of the contract, Lantech violated the terms of the parties agreement by providing Lincoln with a copy of the confidential Release Agreement.  Accordingly, Plaintiff's Complaint sets forth a cognizable claim for breach of contract against Defendant Lantech.

**II. PLAINTIFF'S CLAIMS AGAINST LANTECH ARE NOT PREEMPTED BY ERISA.**

Plaintiff's claim against Lantech for breaching the terms of its written contract with Mr. Johnson do not fall within the ambit of ERISA preemption. Mr. Johnson's breach of contract claim against Lantech arises from a legal duty which is unrelated to employee benefits. Mr. Johnson's claim stems from his former employer's obligation to not disclose the existence or terms of their confidential Release Agreement.  The confidential Release Agreement neither mentions nor involves employee benefits.  Accordingly, Mr. Johnson's claim against Lantech for violating the confidentiality provision of this agreement is not subject to ERISA preemption. *K.B. v. Methodist Healthcare – Memphis Hosps.,* 929 F.3d 795, 802 (6th Cir. 2019).

### III.  PLAINTIFF'S COMPLAINT SETS FORTH VALID COGNIZABLE CLAIMS AGAINST LANTECH WHICH ARE NOT SUBJECT TO DISMISSAL PRIOR TO DISCOVERY OCCURRING..

A Complaint need only set a short plain statement of a Plaintiff's claims. The purpose of a Complaint is to provide a Defendant with fair notice of the claims against it.  In ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Plaintiff has unquestionably provided Lantech with notice of his claims and the factual basis for those claims.  Accordingly, Plaintiff should be allowed to proceed with discovery on those claims at this early stage of the proceeding.

Respectfully submitted this 24th day of February 2023

*/s/ Kevan M. Doran_____*
Kevan M. Doran
DORAN LAW OFFICES
2950 Breckenridge Lane, Ste. 12A
Louisville, Kentucky 40220
Phone:  (502) 208-4970
Fax: (502) 618-0605
kdoran@thedoranlawoffice.com

*Counsel for Plaintiff,*
*Richard Johnson*

## CERTICIATE OF SERVICE

I hereby certify that on February 24, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

John O. Sheller
Kirby A. Black
STOLL KEENON OGDEN PLLC
500 West Jefferson Street, Suite 2000
Louisville, KY 40202-2828
Phone: (502) 333.6000
Fax: (502) 562.0939
*Counsel for Defendant,*
*Lantech.com, LLC*


Iwana Rademaekers
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Phone: (214) 579-9319
*Counsel for Defendant, The Lincoln National*
*Life Insurance Company f/k/a Lincoln Life*
*Assurance Company of Boston*


 */s/ Kevan M. Doran_____ _____*

*Counsel for Plaintiff,*
*Richard Johnson*