**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE**
**CIVIL ACTION NO. 3:22-CV-00626-DJH-CHL**

| | | |
|---|---|---|
| **RICHARD JOHNSON,** | ) | |
| | ) | ***Electronically Filed*** |
| **PLAINTIFF,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **LINCOLN LIFE ASSURANCE COMPANY OF** | ) | |
| **BOSTON, ET AL.** | ) | |
| | ) | |
| **DEFENDANTS.** | ) | |
| | ) | |
| | ) | |
| | ) | |

**REPORT OF PARTIES' RULE 26(f) PLANNING MEETING**

1.      Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on December 21, 2023 and was attended by Kevan Doran on behalf of Plaintiff Richard Johnson ("Plaintiff") and Iwana Rademaekers. on behalf of Defendant Lincoln Life Assurance Company of Boston ("Lincoln" or "Defendant"), and the Parties discussed the nature and basis of their remaining claims and defenses, the possibility of settlement or resolution of this case, and a proposed discovery plan. After conferring, counsel for the parties have agreed upon the following:

2.      Defendant has already produced to Plaintiff a copy of the ERISA administrative record with its Initial Disclosures.  The parties agree that this production will satisfy the requirement for Initial Disclosures for both parties pursuant to FRCP 26(a)(1)(B).

3.      The above-styled action is a claim by Plaintiff for recovery of disability benefits. Plaintiff and Defendant agree Plaintiff's claims are governed by the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. §1001, et seq. ("ERISA").  As such, the parties believe

1

the most cost-effective and prudent manner to resolve the litigation is to submit this action to the Court on a stipulated record and briefing schedule.  Accordingly, the parties request a scheduling order containing the deadlines suggested in Paragraph (c) below in lieu of the deadlines requested in a standard schedule.

(a)	As stated above, Defendant has already produced to Plaintiff a copy of the ERISA administrative record with its Initial Disclosures.  The parties agree that this production will satisfy the requirement for Initial Disclosures for both parties pursuant to FRCP 26(a)(1)(B).  Any otherwise discoverable electronically stored information generated as part of the claim process has been produced as part of the claim file, and disclosure or discovery of any other information in the nature of ESI can be handled in accordance with the Federal Rules of Civil Procedure.  As this is an ERISA benefits case, Defendant believes no discovery beyond the Administrative Record is appropriate.  Plaintiff reserves the right to seek conflict of interest discovery.  The parties anticipate that discovery can be reasonably completed on or before April 9, 2024.

(b)	The deadline for Plaintiff to amend pleadings or join parties shall be January 31, 2024.  The deadline for Defendant to amend pleadings or join parties shall be February 15, 2024.

(c)	As stated above, this is an ERISA benefits case and the parties believe the most cost-effective and prudent manner to resolve the litigation is to submit this action to the Court on a stipulated record and briefing schedule.  To facilitate the submission of the case to the Court, the parties propose the following deadlines in lieu of the deadlines requested in a standard schedule:

1.	April 9, 2024 - Deadline to Complete Discovery.

2.	April 30, 2024 - Deadline to file Stipulated Administrative Record.

3.	June 15, 2024 - Deadline to file cross motions for summary judgment.

4.	July 15, 2024 - Deadline to file response briefs.

5.      August 15, 2024 - Deadline to file reply briefs.

(d)      The parties anticipate that discovery can be reasonably completed on or before April 9, 2024.

(e)      The parties will not submit witness or exhibit lists because the case will be submitted for decision via dispositive briefs on the merits.  As this is an ERISA benefits case, the parties believe the most cost-effective and prudent manner to resolve the litigation is to submit this action to the Court on a stipulated record and briefing schedule.  Accordingly, the parties propose the deadlines in paragraph (c) above in lieu of the deadlines requested in a standard schedule.

(f)      In the unlikely event that the parties do not resolve the case through settlement or cross motions for summary judgment, and as jury trials are not available under ERISA, the parties will request a bench trial and anticipate that it will take 8-12 hours to present the evidence in this case.

(g)      In the unlikely event that the parties do not resolve the case through settlement or cross motions for summary judgment, the earliest date by which this case should reasonably be ready for trial after due consideration of such motions is September 3, 2024.  However, the parties propose the deadlines in paragraph (c) above in lieu of the deadlines requested in a standard schedule.

(h)      The Parties do not desire a scheduling conference before entry of a scheduling order.

(i)      The Parties consent to the referral of this case to a Magistrate Judge for all further proceedings in this case, including trial, pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and L.R. 73.1.

(j)     In conformity with the instructions of the Magistrate Judge on December 21, 2023, the parties respectfully state that they have the following commitments:

**Counsel for Plaintiff:**  Jan 3, 2024 – disability hearings before Administrative law Judge; Jan 18, 2024 – disability hearing before Administrative law Judge; Jan 24, 2024 – disability hearings before Administrative law Judge; March 25 – March 28, 2024, jury trial – Hardin Circuit Court – *Christina Torres v. Kabuki Indust*., et al, 18-CI-01808; Family Vacation – Spring Break – March 29 – April 7, 2024; Family Vacation to Hawaii – July 16 – July 28, 2024.  In addition to the foregoing, Counsel for Plaintiff also has various depositions, mediations, pretrial conferences, etc. scheduled in other cases but anticipates those dates could be rescheduled with sufficient notice.

**Counsel for Defendant:**  United States District Court settings on January 10, 16, and 18 2024; February 2 and 7-8, 2024; April 19, 2024; and September 6, 2024.  CLE February 22-23.  Vacation March 6-8, 2024; May 15 – May 27, 2024; September 16-27, 2024; and October 7-18, 2024.

Respectfully submitted this 22nd day of December 2023.

Respectfully submitted,

By:  */s/* Iwana Rademaekers (*with permission*)__
Iwana Rademaekers (Texas Bar # 16452560)
(Admitted *Pro Hac Vice*)
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main:  (214) 579-9319
Fax:  (469) 444-6456
Email:  iwana@rademaekerslaw.com

COUNSEL FOR DEFENDANT

**AND**

By:     /s/ Kevan M. Doran
Kevan M. Doran (KBA Bar No. 90631)
Email: kdoran@thedoranlawoffice.com
DORAN LAW OFFICE

4

2950 Breckenridge Lane, Suite 12A
Louisville, KY  40220
Telephone: (502) 208-4971
Facsimile: (502) 618-0605

COUNSEL FOR PLAINTIFF